IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ALVAREZ | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-359 |
| WARDEN, FCI BEAUMONT MEDIUM | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher Alvarez, an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion for Summary Judgment filed by Respondent (doc. #5).

Factual Background

Petitioner contends that the BOP has incorrectly calculated the amount of Earned Time Credits he is entitled to under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194. He also states that the BOP has incorrectly calculated his recidivism risk score.

The Motion for Summary Judgment

Respondent contends the BOP has correctly calculated Petitioner's Earned Time Credits and his recidivism risk score. Attached as Exhibit B to the Motion for Summary Judgment is a Declaration from Deanne Moore, the Complex Case Management Coordinator at the Federal Prison Complex in Beaumont, Texas. Ms. Moore states, in part, as follows:

> To implement FSA directives, Congress directed the Attorney General to develop a risk and needs assessment system for the BOP to determine inmates' recidivism risk, and the type of programming appropriate for them. In response, the Attorney General announced the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"), to identify inmates' risk levels. Additionally, the BOP identified 13 distinct needs areas to be assessed, several of which involve inmate participation by, e.g., completing surveys or questionnaires. Once the BOP has

determined an inmate's needs, they are to assign inmates to corresponding programming or productive activities.

Data for the PATTERN assessment comes from many different sources [including] the inmate's presentence investigation report, interviews with the inmate, and other reliable sources.

Inmates are not eligible to earn time credits prior to the date of the enactment of the First Step Act (December 21, 2018) or prior to their arrival at their designated facility.

Inmates earn time credits for every thirty-day period in which they have successfully participated in Evidence-Based Recidivism Reduction ("EBRR") Programming or Productive Activities ("PAs") recommended based on the inmate's risk and needs assessment. Inmates begin earning 10 days of time credits per 30 day period, but upon receiving two consecutive PATTERN assessments at a low or minimum recidivism risk begin earning 15 days of time credits per 30 day period.

To successfully participate, an inmate must be participating in EBRR Programs or PAs that the Bureau has recommended based on the inmate's risk and needs assessment and comply with the requirements of each EBBR Program or PA. Inmates who do not complete the individualized risk and needs assessments cannot therefore be participating in recommended programs and thus cannot be successfully participating.

An inmate is not considered to be successfully participating if they are placed in a Special Housing Unit, designated outside the institution, temporarily transferred to the custody of another Federal or non-Federal government agency, placed in mental health or psychiatric holds, or are considered to have opted out by not participating in EBRR programs or PAs.

An inmate may lose earned time credits for violation of the requirements or rules of an EBRR Program or PA. Time credits lost for violation of the requirements or rules of a program may be restored by good conduct on a case-by-case basis. Inmates may also lose earned time credits as a sanction for a violation of prison rules.

Although an inmate may have earned time credits, they may be ineligible to apply those credits to their sentence.

Inmates are normally screened, with the PATTERN assessment, within the first 28 days after their arrival at the institution. After their initial assessment, they are to be reassessed in accordance with the regularly scheduled Program Review. At FCC Beaumont, Program Review generally occurs every six months for each inmate.

Inmate Alvarez was most recently reassessed on or about December 7, 2023. Inmate Alvarez is currently assessed as having a medium-risk level for recidivism. Prior to this assessment, inmate Alvarez has been consistently scored as having a high-risk for recidivism, never scoring anything lower. Should inmate Alvarez contest their scoring, they may seek formal review pursuant to the Administrative Remedy Program.

> I have reviewed inmate Alvarez's most recent FSA Time Credit Assessment which was generated on December 3, 2023. Since December 21, 2018, inmate Alvarez has participated in a total of 1708 programming days.
>
> Between December 21, 2008 and April 9, 2019, inmate Alvarez was successfully participating in EBRR Programs or PAs. During this period, inmate Alvarez earned 10 time credits for every 30 day period. Inmate Alvarez earned 30 time credits.
>
> Between April 9, 2019 and June 4, 2019, inmate Alvarez was unsuccessfully participating in EBRR Programs or PAs. During that period, inmate Alvarez was in a disqualifying admit status.
>
> Between June 4, 2019 and March 17, 2020, inmate Alvarez was successfully participating in EBRR Programs or PAs. During this period, inmate Alvarez earned 10 time credits for every 30 day period. Inmate Alvarez earned 100 time credits.
>
> Between March 17, 2020 and April 1, 2020, inmate Alvarez was unsuccessfully participating in EBRR Programs or PAs. During that period, inmate Alvarez refused to participate in the Inmate Financial Responsibility Program.
>
> Between April 1, 2020 and April 20, 2022, inmate Alvarez was successfully participating in EBRR Programs or PAs. During this period, inmate Alvarez earned 10 time credits for every 30 day period. Inmate Alvarez earned 250 time credits.
>
> Between April 20, 2022 and May 19, 2022, inmate Alvarez was unsuccessfully participating in EBRR Programs or PAs. During that period, inmate Alvarez was in a disqualifying admit status.
>
> Between May 19, 2022 and December 3, 2023, inmate Alvarez was successfully participating in EBRR Programs or PAs. During this time period, inmate Alvarez earned 10 time credits for every 30 day period. Inmate Alvarez earned 180 time credits.
>
> In total, inmate Alvarez has earned, as of the date of this assessment, 560 earned time credits. If inmate Alvarez is eligible to apply their time credits, 365 time credits would be directed towards effectuating an early release to supervised release. Inmate Alvarez would then have 195 time credits that could be applied towards prerelease custody.

(Doc. #5-2 at 3-5.).

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact

is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003). If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Analysis

*Earned Time Credits*

Petitioner asserts the BOP has miscalculated the amount of Earned Time Credits he has earned. He states he earned additional Earned Time Credits since July 13, 2023, when the BOP last made a calculation of his credits. Petitioner contends he has earned at least 365 Earned Time Credits.

Petitioner is correct in stating that he has earned additional Earned Time Credits since July 13, 2023. In her Declaration, Ms. Moore states that the BOP recalculated Petitioner's credits on December 3, 2023. According to the Declaration, during the time period beginning on July 13, 2023, and ending on December 3, 2023, Petitioner earned 10 time credits for every 30 days period. Further, as Petitioner contends, he has now earned more than 365 Earned Time Credits.

The record reflects the BOP has recalculated Petitioner's Earned Time Credits since he filed his Petition. At the time Ms. Moore filed her Declaration, the BOP had awarded Petitioner 560 days of Earned Time Credits. Petitioner states he has earned at least 365 credits, which is reflected in BOP's recalculation. There is no indication the BOP has miscalculated Petitioner's Earned Time Credits.

*Recidivism Risk Score*

Petitioner also asserts his PATTERN score should have changed because he is now older and more time has passed since the date of the violent acts he committed. He also contends that as a result of Amendment 821 to the United States Sentencing Guidelines, his criminal history points should be recalculated.

In her Declaration, Ms. Moore states that as a result of a recalculation of Petitioner's PATTERN score, he is no longer considered to be a high risk for recidivism, but is now considered a medium risk. Ms. Moore states the PATTERN score is based on 13 factors. Two of the factors are the age of the inmate and the amount of time which has passed since the inmate committed a violent act.

Documents submitted by Respondent show that after Petitioner turned 41, the points assessed against Petitioner based on his age decreased from 21-12 to 14-8 (doc. #5-2 at 19 and 32). Further, based on the passage of time, the points assessed for Petitioner's history of violence decreased from 5-10 to 3-6 (doc. #5-2 at 19 and 32). As a result, the record indicates Petitioner's PATTERN score has been revised as he states it should have been.

Another factor used to calculate an inmate's PATTERN score is his criminal history points (doc. #5-2 at 35) as calculated at the time he was sentenced. Petitioner states that based on Amendment 821 to the Sentencing Guidelines, his criminal history points would now be lower. He asks the court to direct the BOP to recalculate his criminal history points.

Amendment 821 provides that in calculating a defendant's criminal history points, a sentencing court is no longer directed to add two additional points when the offense of conviction was committed while under any criminal justice sentence. *United States v. Claybron*, 88 F.4th 1226, 1228 (7th Cir. 2023). Petitioner has not submitted any evidence demonstrating that Amendment 821 would change the calculation of his criminal history points. In addition, Petitioner cites no authority granting the BOP, as opposed to the sentencing court, the power to recalculate his criminal history points. As a result, Petitioner is not entitled to relief based upon Amendment 821.

### Conclusion

For the reasons set forth above, there is no genuine dispute of material fact as to whether any of Petitioner's grounds for review provide a basis for relief in this proceeding and Respondent is entitled to judgment as a matter law. The Motion for Summary Judgment should therefore be granted.

### Recommendation

Respondent's Motion for Summary Judgment should be granted and this petition for writ of habeas corpus denied pursuant to Federal Rule of Civil Procedure 56.

### Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 1st day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE